DAVIS, P. J., and DANIELS, J., concurred in the result.

Judgment affirmed, with costs.

---

DANIEL DAY, RESPONDENT, v. THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANT.

*Attendant upon Court of Oyer and Terminer — who may be summoned by sheriff.*

The sheriff, in his choice of persons to attend upon the Court of Oyer and Terminer, is not confined to constables and marshals, but may summon any competent and reliable person to act as attendant for the time being.
*People ex rel. Curry* v. *Green* (64 Barb., 493) followed.

APPEAL from a judgment in favor of the plaintiff, entered by direction of the justice presiding at the Circuit.

This action was brought to recover compensation for services rendered in attending upon the Court of Oyer and Terminer. The attendance of the plaintiff was not denied, but it was claimed that his appointment was void for the reason that he was not a marshal or constable, and that only marshals or constables could be summoned under the statute (2 R. S. [Edm. ed.], 300, § 83), which provides, that the sheriff of each county shall " summon personally so many marshals or constables of his county as he may

have been directed to summon by the court or presiding judge thereof, to appear and attend upon the said court during its sitting."

*Robert H. Strahan*, for the respondent.

*D. J. Dean*, for the appellant.

BRADY, J. :

The plaintiff was appointed to attend the Court of Oyer and Terminer, and under and by virtue of such appointment he attended a large number of days. His appointment is not denied, but it is claimed that he was not a marshal or constable when selected for attendance upon the court named, and cannot recover, therefore, for the services rendered.

The Supreme Court of this district has already passed upon this question, in the case of *The People ex rel. Curry* v. *Green* (64 Barb., 504). It is declared therein that the persons summoned by the sheriff for the purposes mentioned, are *pro hac vice* constables by operation of the statute, and the power conferred on the sheriff to select. It is said by the appellant's counsel, that this view is based upon a misconception of the case of *The People ex rel. Holley* v. *Supervisors of Columbia* (4 Cow., 146), and that the error consists in this, namely, that Holly was a constable. The answer to this proposition is that the counsel is mistaken. The return stated, in that case, that Holly was an acting deputy of the sheriff during all the time that he claimed pay as a constable; that he attended as a deputy and not as constable, and did none of the duties appertaining to the office of a constable. The assertion that Holly was a constable is clearly erroneous; he was an acting deputy of the sheriff, a position which is entirely different from that of constable. The court said that it was enough that he was summoned, and attending ready to perform his duty as constable, if called on. There was no pretense that he was either constable or marshal. The statute did not mean to confine the sheriff, in his choice of persons to attend the court, to constables or marshals, but to extend it to citizens at large, from whom he might select competent and reliable persons to act as constables or marshals for the time being. This is indicated more particularly by the provision of the statute

imposing a fine of five dollars for every day the person selected shall neglect to attend.

The judgment should be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed.